# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO BISHOP, | CASE NO. 1:04-CV-6689-AWI DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, BASED ON PLAINTIFF'S FAILURE TO EXHAUST |
| v. | |
| M. KRAMER, | |
| Defendant. | (Doc. 19) |

I.  Defendants' Motion to Dismiss

   A.  Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed April 29, 2005, against defendants Kramer, Howard and Parkinson ("defendants") for violation of the Eighth Amendment based on alleged deliberate indifference to his serious medical needs. On June 7, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies. Plaintiff has not filed an opposition to the motion.[1]

///

///

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on April 4, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

1

      B.     <u>Exhaustion Requirement</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. <u>Id</u>.

      C.     <u>Discussion</u>

Plaintiff, alleges that he suffered a lower back injury and has not received proper medical treatment for his medical needs. Defendants move to dismiss this action on the ground that plaintiff did not exhaust the claim against him, as mandated by section 1997e(a). In support of their motion, defendants submit evidence that the appeals office at Sierra Conservation Center where plaintiff is incarcerated and the Inmate Appeals Branch at the California Department of Corrections and Rehabilitation have no record of an appeal filed by plaintiff concerning defendants' alleged

1 deliberate indifference to his medical needs.  Grannis Dec. , ¶5 and ¶6, Clark Decl., ¶4 and ¶5.  The
2 only grievance found was received prior to the filing of this lawsuit and dealt with a Correctional
3 Officer Lomeli allegedly disrespecting plaintiff on July 28, 2004.  Clark Decl. ¶ 4.  The appeal was
4 withdrawn at the inmate's request.  *Id.*

5       The Court finds that defendants have met their burden as the parties moving for dismissal.
6 The burden therefore shifts to plaintiff to set forth evidence demonstrating that he satisfied the
7 exhaustion requirement.  Plaintiff has not filed an opposition to the motion to dismiss.  Nor does the
8 amended complaint demonstrate that he satisfied the exhaustion requirement.

9       D.    <u>Conclusion</u>

10       For the foregoing reasons, the Court finds that plaintiff did not exhaust the available
11 administrative remedies concerning his claims against defendants.  Accordingly, the Court HEREBY
12 RECOMMENDS that defendants' unenumerated Rule 12(b) motion, filed June 7, 2006, be
13 GRANTED and this action be dismissed, without prejudice, based on plaintiff's failure to exhaust
14 the available administrative remedies.

15       These Findings and Recommendations will be submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**
17 **days** after being served with these Findings and Recommendations, the parties may file written
18 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
19 Findings and Recommendations."  The parties are advised that failure to file objections within the
20 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
21 1153 (9th Cir. 1991).

23     IT IS SO ORDERED.

24     Dated:   **November 22, 2006**               **/s/ Dennis L. Beck**
    3b142a                                      UNITED STATES MAGISTRATE JUDGE